JOHN P. DESMOND, ESQ.
Nevada Bar # 5618
JUSTIN J. BUSTOS, ESQ.
Nevada Bar # 10320
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone: (775) 786-5000
Fax: 775-786-1177
Email: jbustos@jonesvargas.com
        jpd@jonesvargas.com

*Electronically Filed on December 14, 2010*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>CHARLOTTE E. MORELLI,<br><br>Debtor. | Case No.    BK-N-06-50272-GWZ<br>Chapter    7 (Converted from 13) |
| ENRICO MORELLI and PAUL MORELLI,<br><br>Plaintiffs,<br><br>vs.<br><br>CHARLOTTE MORELLI, individually and as trustee of the Pia Family Trust, Pia Family Trust A, Pia Family Trust B, Pia Family Trust dated November 16, 1995, JA Trust, CM Trust, Becaris Trust, Bay Cities Properties Trust, and Coffee Plaza Trust; PIA FAMILY TRUST; PIA FAMILY TRUST A; PIA FAMILY TRUST B; PIA FAMILY TRUST DATED NOVEMBER 16, 1995; JA TRUST; CM TRUST; BECARIS TRUST; BAY CITIES PROPERTIES TRUST; COFFEE PLAZA TRUST; BAY CITIES PROPERTIES, INC.; and COFFEE PLAZA,<br><br>Defendants. | Adversary No. 06-5099<br><br>**EX PARTE MOTION FOR ADJUDICATION OF JONES VARGAS'S RIGHTS UNDER AN ATTORNEYS' LIEN**<br><br>Hearing Date:    n/a<br>Hearing Time:    n/a |

Jones Vargas, by and through its attorneys John P. Desmond and Justin J. Bustos, hereby moves for adjudication of its rights under an Attorneys' fees lien. This motion is made pursuant to

-1-

Nevada Revised Statutes Section 18.015(4), the attached memorandum of points and authorities, and any other matter the Court may wish to consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

The law firm of Jones Vargas represented Enrico Morelli and Paul Morelli in this action. (Decl. of J. Bustos ¶ 2.) The representation of Enrico Morelli and Paul Morelli concluded after the Court issued an Order approving a compromise and settlement. *Id.* ¶ 8; (Order for Approval of Compromise and Settlement (#254), **Exhibit 1**.) Upon conclusion of that representation, attorneys' fees remained due and owing. *Id.* ¶ 9. As a result, Jones Vargas filed a Notice of Attorneys' Lien on or about April 4, 2007. (Notice of Attorneys' Lien of Jones Vargas (#226), **Exhibit 2**.) As of the date of this Motion, the amount owed to Jones Vargas for attorneys' fees is $15,913.10. (Decl. of J. Bustos ¶ 11; November 13, 2009, Billing Statement, **Exhibit 1** to Bustos Decl.)

The Bankruptcy Trustee has issued a proposed final distribution of funds, which provides a payout of $10,581.57 for Enrico Morelli and $10,581.57 for Paul Morelli (Trustee's Final Report (#328), **Exhibit 3**.) On November 1, 2010, Jones Vargas advised Messrs. Enrico and Paul Morelli of the outstanding balance owned for Jones Vargas's representation of them in this action. (Nov. 1, 2010, Letter, **Exhibit 4**.) Jones Vargas proposed that the outstanding balance be settled with a payment from the proceeds to be distributed to the Morellis by the bankruptcy trustee. *Id.* Unfortunately, Jones Vargas received no response to this request.

On December 10, 2010, Jones Vargas signed and submitted to the trustee the Order for Payment of Trustee's Final Fees and Expenses. (Order for Payment, **Exhibit 5**.) That Order provides that no payment would be made to Messrs. Enrico and Paul Morelli prior to December 31, 2010, so as to permit Jones Vargas to proceed in accordance with NRS 18.015(4). *Id.* In order to preserve its rights, Jones Vargas filed the present motion and requests that this Court enforce its attorney's lien and order that it be paid in full before any distribution may be made to Messes. Enrico and Paul Morelli.

-2-

Section 18.015(4) of the Nevada Revised Statutes provides as follows: "On motion filed by an attorney having a lien under this section, the attorney's client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien." Nev. Rev. Stat. § 18.015(4). Under Nevada law, the court in the action in which the services are rendered has the authority, pursuant to its control over its processes and the parties, to enforce or determine the validity of the attorneys' lien. *Earl v. Las Vegas Auto Parts, Inc.*, 73 Nev. 58, 63, 307 P.2d 781, 783 (1957). In order to enforce the lien, this Court must make the following findings: (1) whether Nev. Rev. Stat. § 18.015(4) is available to Jones Vargas; (2) whether the amount claimed by the lien stems from a judgment or settlement; (3) whether the lien is enforceable; (4) whether the attorney lien has been properly perfected; (5) whether there are any setoffs reducing the net amount subject to the attorney lien; (6) in extraordinary circumstances, whether equitable factors might affect the net judgment or the priority of the attorney lien; and (7) calculate the amount the attorney is due based upon the fee which has been agreed upon by the attorney and client. *Michel v. Eighth Judicial Dist. Court*, 117 Nev. 145, 17 P.3d 1003 (2001).

In this case, all of the factors listed in *Michel* are satisfied and the Court should order Jones Vargas's lien to be satisfied prior to any distribution to either Enrico Morelli or Paul Morelli. First, Section 18.015(1) gives Jones Vargas a lien for the amount of any fee which has been agreed upon by the attorney and client. Nev. Rev. Stat. § 18.015(1). Jones Vargas agreed to represent Messrs. Enrico and Paul Morelli on an hourly fee basis. *Id.* ¶ 3. The attorneys working on this matter were Janet L. Chubb and Louis Bubala. (Decl. of J. Bustos ¶ 4.) Ms. Chubb's hourly rate was $390 an hour in 2007. *Id.* ¶ 5. Mr. Bubala's hourly rate was $200 an hour in 2007. *Id.* ¶ 6. In addition, Jones Vargas used the services of a paralegal, Tawney Waldo, who billed at an hourly rate of $150 an hour. *Id.* ¶ 7.

-3-

Second, the attorneys' fees at issue stemmed from a settlement that was ultimately reached. Specifically, on November 28, 2007, this Court issued an Order for Approval of Compromise and Settlement (#254). Under that Order, Enrico and Paul Morelli were paid $200,000. *Id.* at 4.

Third, the lien at issue is enforceable. There are no outstanding issues, of which Jones Vargas is aware, that would invalidate Jones Vargas's lien. (Decl. of J. Bustos ¶ 12.)

Fourth, the lien has been perfected in accordance with Section 18.015(2). Section 18.015(2) requires an attorney to perfect the lien by serving notice of the lien. Nev. Rev. Stat. § 18.015(2). In this case, Jones Vargas filed a notice of lien on April 4, 2007, and served the notice upon Enrico Morelli, Paul Morelli and Charlotte Morelli. (Notice of Attorneys' Lien of Jones Vargas (#226), **Exhibit 2**.)

Fifth, Jones Vargas is not aware of any setoffs that would reduce the net amount subject to the lien. (Decl. of J. Bustos ¶ 13.)

Sixth, Jones Vargas is not aware of any equitable factors that might affect the net judgment or the priority of the attorney lien. *Id.* ¶ 14.

Finally, attached to the Bustos Declaration is the most recent invoice in this matter. Specifically, the November 13, 2009, Billing Statement, shows that the amount owed by Enrico and Paul Morelli in this matter is $15,913.10. (Decl. of J. Bustos ¶ 10; November 13, 2009, Billing Statement, **Exhibit 1** to Bustos Decl.)

///
///
///
///
///
///
///
///

-4-

Because all of the factors listed in *Michel* are present in this case, Jones Vargas respectfully requests that the Court, after 5 days' notice to Enrico Morelli and Paul Morelli, order the trustee to distribute $15,913.10 to Jones Vargas out of the funds that would otherwise be distributed to Enrico Morelli and Paul Morelli.

DATED this 14th day of December, 2010.

JONES VARGAS

By: /s/ Justin J. Bustos
JOHN P. DESMOND, ESQ.
Nevada Bar # 5618
JUSTIN J. BUSTOS, ESQ.
Nevada Bar # 10320
JONES VARGAS
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281
Telephone: (775) 786-5000
Fax: 775-786-1177
Email: jbustos@jonesvargas.com
jpd@jonesvargas.com

# CERTIFICATE OF SERVICE

1. On December 20, 2007, I served the following document(s):

**EX PARTE MOTION FOR ADJUDICATION OF JONES VARGAS'S RIGHTS UNDER AN ATTORNEYS' LIEN**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

- JEREMY T BERGSTROM   mbergstrom@mileslegal.com
- DANIEL S CORDER   idontlikemondays@msn.com
- FRED E. GREEN   FRED.E.GREEN@IRSCOUNSEL.TREAS.GOV
- RICHARD G. HILL   greccelle@richardhillaw.com, cdetlie@richardhillaw.com
- MICHAEL LEHNERS   mikelehners@yahoo.com
- ANABELLE SAVAGE   angiesavage@sbcglobal.net, nv06@ecfcbis.com
- U.S. TRUSTEE - RN - 7   USTPRegion17.RE.ECF@usdoj.gov
- JOAN C WRIGHT   jwright@allisonmackenzie.com, jbrooks@allisonmackenzie.com

9 b. **United States mail**, postage fully prepaid (list persons and addresses):

9 c. **Personal Service** (list persons and addresses):

I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

9 d. **By direct email (as opposed to through the ECF System)** (list persons and email addresses):

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

9 e. **By fax transmission** (list persons and fax numbers):

-6-

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

9 f.   **By messenger:**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed blow and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

**I declare under penalty of perjury that the foregoing is true and correct.**

DATED this 14th day of December, 2010.

| C. Grinstead | //s// Cindy S. Grinstead |
|---|---|
| Name | Signature |

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

-7-

## EXHIBIT TABLE

| Exhibit | Description | Pages[1] |
|---|---|---|
| 1 | Order for Approval of Compromise and Settlement, November 28, 2007 | 8 |
| 2 | Notice of Attorneys' Lien of Jones Vargas, April 4, 2007 | 4 |
| 3 | Trustee's Final Report, November 1, 2010 | 27 |
| 4 | Letter and Trustee's Final Report, November 1, 2010 | 29 |
| 5 | Order for Payment of Trustee's Final Fees and Expenses, December 13, 2010 | 3 |

---

[1] Exhibit page counts are exclusive of exhibit slip sheets.